UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO N. JOHNS | CIVIL ACTION |
| VERSUS | NO: 07-0038 |
| CAPTAIN FRANK CLELAND ET AL. | SECTION: "S" (2) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the alternative motion for summary judgment of Captain Frank Cleland, Sergeant B.J. Brumfield, Sergeant Micah McMurray, Lieutenant Kevin Luper, and Sergeant Mike Jones is **GRANTED**. (Document #32, #53.)

**IT IS FURTHER ORDERED** that Antonio N. Johns's motion for summary judgment is **DENIED**. (Document #52.)

### I. BACKGROUND

Antonio N. Johns #435901, is a prisoner incarcerated at the Rayburn Correctional Center in Angie, Louisiana. On July 26, 2006, Sergeant Micah McMurray and Lieutenant Kevin Luper went to Johns's cell on Sun Unit because Johns was observed on camera removing a light bulb from a fixture. As Sergeant McMurray approached, Johns tore the light fixture from the wall and threw one of the light bulbs at Sergeant McMurray. Lieutenant Luper ordered Johns to put

the other light bulb down, but he did not comply.  Johns began cutting himself with the broken light bulb, and Lieutenant Luper sprayed Johns with a chemical irritant.  Johns was handcuffed and escorted out of the tier to the lobby by Captain Frank Cleland and Sergeant Mike Jones.[1]  When they reached the lobby, Sergeant McMurray took over for Sergeant Jones.  Johns attempted to break away from Cleland and McMurray, and the officers ordered him to lie on the floor and shackled him.  Officers took Johns to the staff nurse for treatment, and he was then placed on suicide watch.

Johns filed a *pro se, in forma pauperis* complaint under 42 U.S.C. § 1983, alleging that the officers violated his constitutional rights under the Eighth Amendment.  Johns alleges that Sergeant McMurray, Sergeant B.J. Brumfield, Sergeant Morris,[2] and Captain Cleland kicked him in his head, face, stomach, back, and buttocks causing a swollen lip, a broken tooth, back pain, bruises, a swollen prostate gland, and a bruised thumb.  The magistrate judge conducted a telephone conference and determined that the complaint states a claim for excessive force against Captain Cleland, Sergeant Brumfield, and Sergeant McMurray and for failure to protect from harm against Lieutenant Luper and Sergeant Jones.  Johns has clarified that the defendants are sued in their individual capacities.  The defendants have asserted qualified immunity.

The defendants filed a motion to dismiss and an alternative motion for summary

---

[1] Disciplinary charges were brought against Johns for aggravated disobedience, defiance, contraband, and property destruction.  After a hearing at which Johns was represented by inmate counsel, the Disciplinary Board found him guilty of the charges, placed him in extended lockdown for 90 days, and ordered that he lose 12 days good time and 16 weeks of incentive pay.

[2] Sergeant Morris is named in the complaint, but he was never served.

judgment. Because matters outside the pleading are presented and considered, the motion is treated as one for summary judgment. See Fed. R. Civ. Pro. 12(b). Johns filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). In a claim against the defendants in their individual capacities, the first inquiry in examining a defense of qualified immunity asserted in a motion for summary judgment is to determine whether the plaintiff has alleged "the violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231 (1991). This court uses "currently applicable constitutional standards to make this assessment." Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993). The second step is to "decide whether the defendant's conduct was objectively reasonable" in light of the legal rules clearly established at the time of the incident. Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

### B. Excessive force

Johns alleges the violation of a constitutional right by claiming the use of excessive force. Under the second prong of the analysis, the court addresses whether the challenged conduct was objectively reasonable under then clearly established law.

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes

cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 112 S.Ct. 995, 998 (1992) (quoting Whitley v. Albers, 106 S.Ct. 1078 (1986)). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 999. To determine whether a claim of excessive force violates the Eighth Amendment, the court examines the extent of the injury, the need for the applied force, the relationship between the need and the force used, the threat reasonably perceived by officials, and efforts made to temper the severity of a forceful response. See Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999). The injury to the plaintiff must me more than *de minimis*, but need not be significant. Id. at 924. "[A] good faith effort to maintain or restore discipline does not give rise to an Eight Amendment violation; on the other hand, the malicious or sadistic application of force to cause harm does." Thomas v. Comstock, 222 Fed. Appx. 439, 442 (5th Cir. 2007) (quotation and citation omitted). "*De minimus* use of force can constitute and Eighth Amendment violation only if it is repugnant to the conscience of mankind." Id.

The first encounter with Johns involved the use of a chemical spray. The use of the spray was not unreasonable because, although Lieutenant Luper ordered Johns to put the light bulb down, he did not comply. Instead, Johns broke the light bulb and began cutting himself. See Jones v. Shields, 207 F.3d 491, 495-96 (8th Cir. 2000) (correctional officer's use of a pepper-based chemical spray to subdue a recalcitrant prisoner resulted in *de minimus* injury and was not repugnant to the conscience of mankind). Moreover, after Johns was treated for his cuts, he was escorted to the shower and offered an opportunity to wash off the chemical spray.

Johns also alleges that Captain Cleland, Sergeant Brumfield and Sergeant McMurray used excessive force to subdue him after escorting him from his cell. Ann Forbes, the nurse at the Correctional Center, treated Johns for superficial wounds. She states in a affidavit that, in addition to his self-inflicted injuries, Johns had a broken tooth and a cut on the left side of his bottom lip. After she cleaned the wounds on his arm and lip, there was no further bleeding. Nurse Forbes found no other physical evidence of trauma as a result of his confrontation with the officers. On July 28, 2006, Johns was treated by a dentist for a chipped tooth.

Johns has not demonstrated that force was used for any reason other than to impede Johns from harming himself and to restore discipline. The injury to Johns as a result of the force was *de minimis*, and he promptly received treatment for his cut lip and chipped tooth. The officers are entitled to qualified immunity because their conduct was objectively reasonable in light of clearly established rules. Accordingly, Captain Cleland, Sergeant Brumfield and Sergeant McMurray are entitled to judgment as a matter of law on the excessive force claim.

## C. Failure to protect

Johns contends that Lieutenant Luper and Sergeant Jones failed to take any action to protect him from the other officers. Johns failed to set forth specific facts supported by competent summary judgment evidence to establish that the officers were deliberately indifferent to his safety or his medical needs. Accordingly, there are no genuine issues of material fact and Lieutenant Luper and Sergeant Jones are entitled to judgment as a matter of law. See Winchester v. Mitchell, 193 Fed. Appx. 374, 375 (5th Cir. 2006).

## III. CONCLUSION

The conduct of Captain Cleland, Sergeant Brumfield and Sergeant McMurray was objectively reasonable in light of clearly established rules, and the officers are entitled to qualified immunity on the excessive force claim.  Johns has not made a showing that Lieutenant Luper and Sergeant Jones were deliberately indifferent to his safety or his medical needs, and the officers are entitled to judgment as matter of law.

New Orleans, Louisiana, this  19th  day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**